[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter represents a civil action wherein the plaintiff claims that it is owed monies on amount of construction work done for the defendant. Said action was commenced as an action to foreclose a mechanics lien. By stipulation and subsequent amendment allowed by the court, the amended complaint alleged in count one a foreclosure of a mechanics lien. In count two, a count in contract and in count three a cause of action in unjust enrichment.
Count one has been withdrawn by the plaintiff. With respect to count three, after trial the court finds that the evidence is insufficient to establish a foundation upon which relief may be granted to the plaintiff under a theory of unjust enrichment since the court lacks any evidence to support a finding that as a result of the efforts of the plaintiff there was an increase in the value of the property of the defendants. There is no basis therefor for an award of damages based on a theory of unjust enrichment. Bolmer v. Kocet, 6 Conn. App. 595 (1986). Accordingly, judgment may enter for the defendant on count three. CT Page 3088
From the credible evidence before the court it is established by a fair preponderance that the plaintiff and the defendant had had prior contractual dealings on several other projects and that there had evolved from the prior course of conduct between the parties an understanding that work between them could and would be contracted on an oral basis from time to time. In this particular project, there was no written contract executed by the parties. The plaintiff had made proposals and in accordance with them had done substantial work for the defendant on the site in question, adjacent to Route 1 in the town of Old Saybrook. The work which the plaintiff did and for which the defendants paid in accordance with billings for the reasonable value of services rendered and materials utilized consisted of site clearing, site stripping, excavation, back filling for the foundations installed, concrete for side walks, storm drain excavation, septic systems excavations, top soil, utility trenchs, gravel and pavement for the parking area, and top soil. During the course of the performance of this part of the contract, it became evident apparently, to the defendant that Route 1 would have to be widened in order to provide access to its property being developed commercially. The defendant, acting through its president, Mr. Wilcox, talked with the plaintiff, acting through its officer, Mr. Hull, and having concluded that this work had to be done requested an estimate from the plaintiff. This court finds that the plaintiff gave an estimate of approximately $25,000 and proceeded to do the necessary work of widening Route 1 near the entrance way in accordance with the estimate and oral understanding of the parties. The plaintiff encountered unforeseen difficulties in conditions that resulted in cost over runs of this estimate. The grades that were proposed were insufficient to provide adequate drainage and otherwise inadequate for an installation that would be acceptable to the State. There was extra excavation that had to be done because the thickness of the existing road surface material was unknown and when the excavation started it was found that there had to be extra excavation done. The plaintiff had to redesign the road grades as it proceeded in order to make the installation acceptable to the state. The cost therefore went beyond what had been reasonably estimated by the plaintiff in its discussions with the defendant's Mr. Wilcox. The plaintiff went ahead and completed the job with the implied and/or expressed approval of the Mr. Wilcox in accordance with their understanding and prior custom of dealing that involved the reasonable value of necessary time expended and materials. At the time that the president of the defendant corporation approved of this work he had full CT Page 3089 authority to bind the defendant corporation. Mr. Wilcox testified at the trial that he felt that the bill submitted by the plaintiff for this extra work in connection with the Route 1 widening was o.k., was appropriate and that the charges there under were not excessive.
It is apparent to this court that underlying this case is the apparent disagreement of the president and the vice president of the defendant corporation as to the reasonableness of the charges of the plaintiff in connection with Route 1 widening.
Accordingly, the court finds that the evidence has established a sufficient basis and the court finds that there came into existence a meeting of the minds between the plaintiff and the defendant in connection with the extra work to be done on the Route 1 widening for access to this property.
The court further finds that the oral contract that came into existence provided for the defendant to pay the reasonable value of the extra services and materials required to do the job and that the billing submitted by the plaintiff represents such charges.
In final argument the defendant contended that the portion of the damages claimed by the defendant that represent gutter work done by the plaintiff for the defendant is not really in dispute and that the defendant concedes that the sum of $994.43 is due from the defendant to the plaintiff what is in dispute is the sum of $31,600.51 of which $22,000. has already been paid by the defendant.
The court finds that there was a balance due on the contract in the amount of $32,500.94 from the defendant to the plaintiff. The defendant has paid thereon the sum of $22,000. It is therefore found the defendant owes the plaintiff the sum of $10,500.94 under the oral contract found by the court to have existed.
Judgment may enter for the plaintiff to recover of the defendant the sum of $10,500.94.
The plaintiff requested of the court permission to amend his complaint by adding to their contract or the reasonable value thereof. The defendant objected. The court concludes that in view of its findings the amendment is unnecessary and therefore disallows it.
It is so ordered. CT Page 3090
HIGGINS, JUDGE
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk